1  PACIFIC GAS AND ELECTRIC COMPANY
   MARGARET A. PIETRASZ  Bar No. 124598
2  P.O. Box 7442
   San Francisco, California  94120-7442
3  Telephone: (415) 973-1580
   Facsimile: (415) 973-0516
4  E-mail: MAP@pge.com

5  **DIRECT CORRESPONDENCE TO:**
   SEDGWICK, DETERT, MORAN & ARNOLD LLP
6  SCOTT D. MROZ  Bar No. 111848
   MATTHEW G. DUDLEY  Bar No. 179022
7  One Market Plaza
   Steuart Tower, 8th Floor
8  San Francisco, California 94105
   Telephone: (415) 781-7900
9  Facsimile: (415) 781-2635
   E-mail: scott.mroz@sdma.com
10 E-mail: matthew.dudley@sdma.com

11 Attorneys for Defendant
   PACIFIC GAS AND ELECTRIC COMPANY

12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15

16 NORTHERN CALIFORNIA                CASE NO. 08-CV-0779-EMC
   RIVERWATCH, a non-profit corporation,
17                                     **ANSWER OF DEFENDANT PACIFIC GAS
        Plaintiff,                     AND ELECTRIC COMPANY TO**
18                                     **COMPLAINT FOR INJUNCTIVE RELIEF,
        v.                             CIVIL PENALTIES, RESTITUTION AND**
19                                     **REMEDIATION; AND DEMAND FOR
   PACIFIC GAS AND ELECTRIC           JURY TRIAL**
20 COMPANY; UPWAY PROPERTIES,
   LLC; THE 137 SANTA ROSA GROUP
21 PARTNERSHIP; AND DOES 1-10,
   INCLUSIVE,
22
        Defendant.
23

24        PACIFIC GAS AND ELECTRIC COMPANY ("PG&E"), answers the complaint of

25 NORTHERN CALIFORNIA RIVER WATCH ("Plaintiff"), as follows:

26                        <u>NATURE OF THE CASE</u>

27        1.      Answering paragraph 1 of the complaint, this paragraph contains only legal

28 conclusions which do not require an admission or denial.  To the extent paragraph 1 contains

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    factual allegations specific to PG&E, PG&E denies said allegations, and further denies that
2    Plaintiff is entitled to the relief sought.

3        2.        Answering paragraph 2 of the complaint, this paragraph contains only legal
4    conclusions which do not require an admission or denial.  To the extent paragraph 2 contains
5    factual allegations specific to PG&E, PG&E denies said allegations, and further denies that
6    Plaintiff is entitled to the relief sought.

7        3.        Answering paragraph 3 of the complaint, PG&E denies the allegations contained
8    therein.

9        4.        Answering paragraph 4 of the complaint, PG&E denies the allegations contained
10    therein.

11        5.        Answering paragraph 5 of the complaint, PG&E denies the allegations contained
12    therein.

13        6.        Answering paragraph 6 of the complaint, this paragraph contains only legal
14    conclusions which do not require an admission or denial.  To the extent paragraph 6 contains
15    factual allegations specific to PG&E, PG&E denies said allegations, and further denies that
16    Plaintiff is entitled to the relief sought.

17        7.        Answering paragraph 7 of the complaint, PG&E denies the allegations contained
18    therein.

19        8.        Answering paragraph 8 of the complaint, PG&E denies the allegations contained
20    therein.

21        9.        Answering paragraph 9 of the complaint, PG&E denies the allegations contained
22    therein.

23        10.       Answering paragraph 10 of the complaint, PG&E denies the allegations contained
24    therein.

25        11.       Answering paragraph 11 of the complaint, this paragraph contains only legal
26    conclusions which do not require an admission or denial.  To the extent paragraph 6 contains
27    factual allegations specific to PG&E, PG&E denies said allegations, and further denies that
28    Plaintiff is entitled to the relief sought.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

## PARTIES

12.     Answering paragraph 12 of the complaint, PG&E lacks sufficient knowledge or information to admit or deny said allegations, and on that basis, denies the allegations contained therein.

13.     Answering paragraph 13 of the complaint, PG&E lacks sufficient knowledge or information to admit or deny said allegations, and on that basis, denies the allegations contained therein.

14.     Answering paragraph 14 of the complaint, PG&E is a public utility and subsidiary of PG&E Corporation.  PG&E Corporation is located at One Market Street, Spear Tower, Suite 2400, San Francisco, California 94105.  PG&E denies the remainder of paragraph 14.

15.     Answering paragraph 15 of the complaint, PG&E lacks sufficient knowledge or information to admit or deny said allegations, and on that basis, denies the allegations contained therein.

16.     Answering paragraph 16 of the complaint, PG&E lacks sufficient knowledge or information to admit or deny said allegations, and on that basis, denies the allegations contained therein.

17.     Answering paragraph 17 of the complaint, PG&E lacks sufficient knowledge or information to admit or deny said allegations, and on that basis, denies the allegations contained therein.

## JURISDICTIONAL ALLEGATIONS

18.     Answering paragraph 18 of the complaint, PG&E admits that a claim arising under 33 U.S.C. § 1365 (a)(1) (Clean Water Act ("CWA")) raises a federal question under the scope of  28 U.S.C. § 1331 (federal question), but denies the remaining allegations.

19.     Answering paragraph 18 of the complaint, PG&E admits that a claim arising under 42 U.S.C. § 6972 (a)(1) (Resource Conservation and Recovery Act ("RCRA")) raises a federal question under the scope of  28 U.S.C. § 1331 (federal question), but denies the remaining allegations.

/ / / /

20. Answering paragraph 20 of the complaint, PG&E denies the allegations contained therein.

21. Answering paragraph 21 of the complaint, PG&E admits PG&E's receipt of a copy of the notice letter attached to the complaint. PG&E lacks sufficient knowledge or information to admit or deny remaining allegations of paragraph 21, and on that basis, denies the allegations contained therein.

22. Answering paragraph 22 of the complaint, PG&E lacks sufficient knowledge or information to admit or deny said allegations, and on that basis, denies the allegations contained therein.

23. Answering paragraph 23 of the complaint, PG&E admits PG&E's receipt of a copy of the notice letter attached to the complaint. PG&E lacks sufficient knowledge or information to admit or deny remaining allegations of paragraph 23, and on that basis, denies the allegations contained therein.

24. Answering paragraph 24 of the complaint, PG&E admits the location of the real property which is the subject matter of allegations in Plaintiff's complaint is within the Northern District of California, but denies the remaining allegations.

25. Answering paragraph 25 of the complaint, PG&E admits the location of the real property which is the subject matter of allegations in Plaintiff's complaint is within the Northern District of California, but denies the remaining allegations.

## GENERAL ALLEGATIONS

26. Answering paragraph 26, PG&E incorporates by reference its response to paragraphs 1 through 25, inclusive, of this answer as if fully set forth herein. Further, PG&E denies the allegations set forth within Exhibits A and B of the complaint.

27. Answering paragraph 27 of the complaint, PG&E denies the allegations contained therein.

28. Answering paragraph 28 of the complaint, PG&E denies the allegations contained therein.

////

29.     Answering paragraph 29 of the complaint, PG&E lacks sufficient knowledge or information to admit or deny said allegations, and on that basis, denies the allegations contained therein.

## STATUTORY AND REGULATORY BACKGROUND

30.     Answering paragraph 30 of the complaint, this paragraph contains legal conclusions which do not require an admission or denial. To the extent this paragraph contains factual allegations, PG&E denies said allegations.

31.     Answering paragraph 31 of the complaint, PG&E lacks sufficient knowledge or information to admit or deny said allegations, and on that basis, denies the allegations contained therein.

32.     Answering paragraph 32 of the complaint, this paragraph contains legal conclusions which do not require an admission or denial. To the extent this paragraph contains factual allegations, PG&E denies said allegations.

33.     Answering paragraph 33 of the complaint, PG&E denies the allegations contained therein.

34.     Answering paragraph 34 of the complaint, PG&E denies the allegations contained therein.

35.     Answering paragraph 35 of the complaint, PG&E denies the allegations contained therein.

36.     Answering paragraph 36 of the complaint, this paragraph contains legal conclusions which do not require an admission or denial. To the extent this paragraph contains factual allegations, PG&E denies said allegations.

## DEFENDANTS' VIOLATIONS

37.     Answering paragraph 37 of the complaint, PG&E denies the allegations contained therein.

38.     Answering paragraph 38 of the complaint, PG&E denies the allegations contained therein. Further, PG&E denies the allegations set forth within Exhibits A and B of the complaint.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1       39.    Answering paragraph 39 of the complaint, PG&E denies the allegations contained

2  therein.

3       40.    Answering paragraph 40 of the complaint, PG&E denies the allegations contained

4  therein.

5       41.    Answering paragraph 41 of the complaint, PG&E denies the allegations contained

6  therein.  Further, PG&E denies the allegations set forth within Exhibits A and B of the

7  complaint.

8  <div align="center">CLAIMS FOR RELIEF</div>

9  <div align="center">FIRST CLAIM FOR RELIEF - VIOLATION OF CWA</div>

10       42.    Answering paragraph 42, PG&E incorporates by reference its response to

11  paragraphs 1 through 41, inclusive, of this answer as if fully set forth herein.  Further, PG&E

12  denies the allegations set forth within Exhibits A and B of the complaint.

13       43.    Answering paragraph 43 of the complaint, PG&E denies the allegations contained

14  therein.

15       44.    Answering paragraph 44 of the complaint, PG&E denies the allegations contained

16  therein.

17       45.    Answering paragraph 45 of the complaint, PG&E denies the allegations contained

18  therein.

19  <div align="center">SECOND CLAIM FOR RELIEF - VIOLATION OF RCRA</div>

20       46.    Answering paragraph 46, PG&E incorporates by reference its response to

21  paragraphs 1 through 45, inclusive, of this answer as if fully set forth herein.  Further, PG&E

22  denies the allegations set forth within Exhibits A and B of the complaint.

23       47.    Answering paragraph 47 of the complaint, this paragraph contains legal

24  conclusions which do not require an admission or denial.  To the extent this paragraph contains

25  factual allegations, PG&E denies said allegations.

26       48.    Answering paragraph 48 of the complaint, PG&E denies the allegations contained

27  therein.

28  / / / /

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1  49.  Answering paragraph 49 of the complaint, PG&E denies the allegations contained
2  therein.

3  50.  Answering paragraph 50 of the complaint, PG&E denies the allegations contained
4  therein.

5  <u>THIRD CLAIM FOR RELIEF – VIOLATION OF RCRA</u>

6  51.  Answering paragraph 51, PG&E incorporates by reference its response to
7  paragraphs 1 through 50, inclusive, of this answer as if fully set forth herein.  Further, PG&E
8  denies the allegations set forth within Exhibits A and B of the complaint.

9  52.  Answering paragraph 52 of the complaint, this paragraph contains legal
10  conclusions which do not require an admission or denial.  To the extent this paragraph contains
11  factual allegations, PG&E denies said allegations.

12  53.  Answering paragraph 53 of the complaint, PG&E denies the allegations contained
13  therein.

14  54.  Answering paragraph 54 of the complaint, PG&E denies the allegations contained
15  therein.

16  55.  Answering paragraph 55 of the complaint, this paragraph contains legal
17  conclusions which do not require an admission or denial.  To the extent this paragraph contains
18  factual allegations, PG&E denies said allegations.

19  56.  Answering paragraph 56 of the complaint, PG&E denies the allegations contained
20  therein.

21  57.  Answering paragraph 57 of the complaint, PG&E denies the allegations contained
22  therein.

23  58.  Answering paragraph 58 of the complaint, PG&E denies the allegations contained
24  therein.

25  <u>PRAYER FOR RELIEF</u>

26  59.  Answering paragraph 59 of the complaint, PG&E denies that Plaintiff is entitled
27  to any and all of the relief requested.

28  / / / /

60.     Answering paragraph 60 of the complaint, PG&E denies that Plaintiff is entitled to any and all of the relief requested.

61.     Answering paragraph 61 of the complaint, PG&E denies that Plaintiff is entitled to any and all of the relief requested.

62.     Answering paragraph 62 of the complaint, PG&E denies that Plaintiff is entitled to any and all of the relief requested.

63.     Answering paragraph 63 of the complaint, PG&E denies that Plaintiff is entitled to any and all of the relief requested.

64.     Answering paragraph 64 of the complaint, PG&E denies that Plaintiff is entitled to any and all of the relief requested.

65.     Answering paragraph 65 of the complaint, PG&E denies that Plaintiff is entitled to any and all of the relief requested.

66.     Answering paragraph 66 of the complaint, PG&E denies that Plaintiff is entitled to any and all of the relief requested.

67.     Answering paragraph 67 of the complaint, PG&E denies that Plaintiff is entitled to any and all of the relief requested.

68.     Answering paragraph 68 of the complaint, PG&E denies that Plaintiff is entitled to any and all of the relief requested.

<div align="center">FIRST AFFIRMATIVE DEFENSE</div>

<div align="center">(Failure To State a Claim)</div>

1.     The complaint fails to state any claim against PG&E upon which relief can be granted.

<div align="center">SECOND AFFIRMATIVE DEFENSE</div>

<div align="center">(No Imminent and Substantial Endangerment)</div>

2.     The conditions at the subject property at issue do not present an imminent and substantial endangerment to health or the environment pursuant to the provisions of the Resource Conservation and Recovery Act of 1976, 42 U.S.C. § 6901, et seq., implementing regulations, or judicial interpretations thereof, thus the complaint fails to state a claim under 42 U.S.C. §

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1  6972(a)(1)(B).

2  <center>THIRD AFFIRMATIVE DEFENSE</center>

3  <center>(Full Performance under Permits, Standards, Regulations)</center>

4      3.      PG&E alleges that it has fully performed each and every obligation arising under

5  each of the permits, standards, regulations, conditions, requirements, prohibitions, or orders,

6  which arise under the Resource Conservation and Recovery Act of 1976, 42 U.S.C. § 6901, et

7  seq., implementing regulations, or judicial interpretations thereof, thus the complaint fails to state

8  a claim under 42 U.S.C. § 6972(a)(1)(A).

9  <center>FOURTH AFFIRMATIVE DEFENSE</center>

10  <center>(Discharge of Obligations)</center>

11      4.      PG&E alleges that at all times and places mentioned in Plaintiffs' complaint,

12  PG&E acted in good faith and discharged any and all obligations owed to Plaintiff, to the extent

13  such obligations existed.

14  <center>FIFTH AFFIRMATIVE DEFENSE</center>

15  <center>(Past Violations)</center>

16      5.      Plaintiff's citizen suit claims are moot, because PG&E's alleged violations of law,

17  if any, are wholly past and nonrecurring.

18  <center>SIXTH AFFIRMATIVE DEFENSE</center>

19  <center>(Diligent Prosecution)</center>

20      6.      Plaintiff's citizen suit claims are not ripe, insofar as the State of California is

21  diligently prosecuting enforcement of each of the alleged violations of law at issue.

22  <center>SEVENTH AFFIRMATIVE DEFENSE</center>

23  <center>(Causation – Not Fairly Traceable)</center>

24      7.      The conditions described in Plaintiff's complaint are not "fairly traceable" to

25  PG&E's acts or omissions.

26  / / / /

27  / / / /

28  / / / /

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

## EIGHTH AFFIRMATIVE DEFENSE

### (De Minimis Discharges)

8.    If PG&E is found to have discharged or released hazardous waste, which PG&E denies, then any such alleged discharge or release was de minimis, and therefore is not the proximate cause of any costs or damages alleged by Plaintiffs and no recovery is available from PG&E.

## NINTH AFFIRMATIVE DEFENSE

### (Standing)

9.    Plaintiff and its members have not suffered an injury-in-fact, and thus do not have standing to pursue the claims set forth in Plaintiff's complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Abstention)

10.    The matters alleged in Plaintiff's complaint are subject to ongoing agency enforcement, thus the Court should abstain from exercising primary jurisdiction over such matters.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

11.    The complaint, and each and every purported claim against PG&E is barred by the doctrine of laches because, *inter alia*, Plaintiff had notice of the acts and omissions alleged in the complaint, inexcusably delayed notifying PG&E of the alleged injuries and unreasonably delayed in bringing suit against PG&E to the detriment of PG&E.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

12.    The complaint, and each and every purported claim against PG&E is barred by the doctrine of unclean hands, by virtue, *inter alia*, of Plaintiff's acts or omissions. As a consequence, Plaintiff lacks clean hands and is barred from obtaining recovery from PG&E.

/ / / /

/ / / /

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

<div align="center">THIRTEENTH AFFIRMATIVE DEFENSE</div>

<div align="center">(No Pathway of Exposure)</div>

13.    The conditions described in Plaintiff's complaint are not ripe, insofar as no pathway of exposure threatens immediate or substantial endangerment to human health or the environment.

<div align="center">FOURTEENTH AFFIRMATIVE DEFENSE</div>

<div align="center">(Estoppel)</div>

14.    The complaint, and each purported claim against PG&E are each and together barred by the doctrines of estoppel and equitable estoppel because of acts, conduct and omissions of Plaintiff, including but not limited to Plaintiff's members, representatives, agents, licensees and permittees.

<div align="center">FIFTEENTH AFFIRMATIVE DEFENSE</div>

<div align="center">(Waiver)</div>

15.    The complaint, and each and every purported claim against PG&E are barred by the doctrine of waiver as a result of acts, conduct and omissions attributable to Plaintiff, including but not limited to Plaintiff's members, representatives, agents, licensees and permittees.

<div align="center">SIXTEENTH AFFIRMATIVE DEFENSE</div>

<div align="center">(Failure To Join Indispensable and/or Necessary Parties)</div>

16.    The complaint, and each and every purported claim against PG&E are barred by the failure to join indispensable and/or parties necessary for just adjudication of the claims asserted in this action, including owners, operators, generators and transporters who may have released Hazardous Substances into the Sites or Facilities referenced in the complaint, which caused the conditions of which Plaintiff complains. Consequently, the relief sought under CWA and RCRA cannot be awarded here. As a result, it would be both unjust and contrary to the public interest to impose upon PG&E liability for such relief.

////

////

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

SEVENTEENTH AFFIRMATIVE DEFENSE

(Joint and Several Liability)

17.    RCRA and CWA do not provide for the imposition of joint and several liability under the facts as alleged in Plaintiffs' complaint.

EIGHTEENTH AFFIRMATIVE DEFENSE

(Acts of Third Parties)

18.    Conditions referenced in Plaintiffs' complaint were caused and/or contributed to by other parties not PG&E.

NINETEENTH AFFIRMATIVE DEFENSE

(Recovery Barred For Releases For Which Not Liable)

19.    If PG&E is liable for any of the relief requested by Plaintiff, which PG&E denies, then PG&E is not liable for any relief as to any condition which was not caused by releases for which PG&E is responsible.

TWENTIETH AFFIRMATIVE DEFENSE

(Naturally Occurring Releases)

20.    To the extent that some or all of the conditions referenced in Plaintiff's complaint resulted from, or were caused by, naturally occurring releases of such substances, and not as a result of alleged releases by or attributable to PG&E, Plaintiff is barred from seeking relief as to such conditions from PG&E.

TWENTY-FIRST AFFIRMATIVE DEFENSE

(No Significant Nexus)

21.    The conditions described in Plaintiff's complaint do not impact waters of the United States, and to the extent groundwater is impacted by such conditions, such groundwater has no significant nexus to any navigable waterway; thus Plaintiff's complaint fails to state a claim under the Federal Water Pollution Control Act (Clean Water Act), 33 U.S.C. § 1251 et seq.

/ / / /

/ / / /

/ / / /

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1

<div align="center">

TWENTY-SECOND AFFIRMATIVE DEFENSE

</div>

2

<div align="center">

(Notice Not Sufficiently Specific)

</div>

3    22.    Plaintiff's pre-filing notices of claims did not adequately specify alleged

4  violations of law, thus the Court is without jurisdiction to grant the relief sought.

5

<div align="center">

TWENTY-THIRD AFFIRMATIVE DEFENSE

</div>

6

<div align="center">

(Unavailability of Attorney Fees)

</div>

7    23.    Plaintiff's request to recover its attorney fees is not authorized by law.

8

<div align="center">

TWENTY-FOURTH AFFIRMATIVE DEFENSE

</div>

9

<div align="center">

(Adequate Remedy at Law)

</div>

10    24.    With respect to declaratory or equitable relief requested by Plaintiff, Plaintiff has

11  adequate remedies at law and is therefore not entitled to any such relief whatsoever.

12

<div align="center">

TWENTY-FIFTH AFFIRMATIVE DEFENSE

</div>

13

<div align="center">

(Equitable Indemnity)

</div>

14    25.    The claims alleged in the complaint are barred by the doctrine of equitable

15  indemnity.

16

<div align="center">

TWENTY-SIXTH AFFIRMATIVE DEFENSE

</div>

17

<div align="center">

(Federal and State Statutes of Limitations)

</div>

18    26.    PG&E has suffered prejudice because of Plaintiff's delay in bringing this action

19  and Plaintiff's claims are barred by the applicable federal and state statutes of limitations,

20  including but not limited to 28 U.S.C. § 2462 and California Code of Civil Procedure Section

21  338.

22

<div align="center">

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

</div>

23

<div align="center">

(Failure To Mitigate)

</div>

24    27.    Plaintiff is barred from imposing relief sought as against PG&E by its failure to

25  mitigate, minimize or avoid any of the alleged damages referred to in the complaint.

26  / / / /

27  / / / /

28  / / / /

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Compliance With Law and Industry Standards)

28.　　PG&E asserts that at all times it has been in full compliance with all applicable laws and industry standards and has acted in a careful, reasonable and prudent manner.

TWENTY-NINTH AFFIRMATIVE DEFENSE

(Common Law and Statutory Contribution)

29.　　In the event PG&E is found liable for any part of the relief sought by Plaintiff's claim, the principles of contribution, whether statutory or common law, should be applied to determine the relative degree of fault among PG&E and all other parties so that no individual tortfeasor is called upon to bear more than its fair share of liability.

THIRTIETH AFFIRMATIVE DEFENSE

(In Pari Delicto)

30.　　If PG&E is liable for any part of the claims alleged by Plaintiff which PG&E denies, such claims are, nevertheless, barred by the doctrine of *in pari delicto*.

THIRTY-FIRST AFFIRMATIVE DEFENSE

(Act of God, War or Third Party)

31.　　PG&E is not liable for damages resulting from the alleged release or threatened release, to the extent such damages were caused solely by--

　　　(1)　　an act of God;

　　　(2)　　an act of war;

　　　(3)　　or an act or omission of a third party other than an employee or agent of defendant ... ; or

　　　(4)　　Any combination of the foregoing paragraphs.

THIRTY-SECOND AFFIRMATIVE DEFENSE

(Dispersion or Removal of Hazardous Substances)

32.　　If there were any releases of hazardous substances from a Facility at the subject property, which PG&E denies, the hazardous substances have long since been dispersed or removed and do not warrant a response.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

-14-

PG&E'S ANSWER TO COMPLAINT

<div align="center">

THIRTY-THIRD AFFIRMATIVE DEFENSE

(Lack of Causation)

</div>

33.    The actions of PG&E did not cause any release or threatened release of a hazardous substance.

<div align="center">

THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Res Judicata/Collateral Estoppel)

</div>

34.    Plaintiff's claims are barred by res judicata and/or collateral estoppel.

<div align="center">

THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Supervening and/or Intervening Causes)

</div>

35.    PG&E is informed and believes, and on that basis alleges, that the conditions referenced in Plaintiff's complaint, if any, were legally and proximately caused by the acts or omissions of others, who were not controlled by or related to PG&E. Such actions are the supervening and/or intervening cause, and therefore, Plaintiff is not entitled, as a matter of law, to recover requested relief from PG&E.

<div align="center">

THIRTY-SIXTH AFFIRMATIVE DEFENSE

(No Active Participation or Intent)

</div>

36.    PG&E alleges that it did not actively participate in entering or causing any conditions referenced in Plaintiff's complaint, and that the acts or omissions of PG&E, if any there were, were unintentional and non-negligent and, therefore, not actionable.

<div align="center">

THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(No Right to Impose Excessive Penalties)

</div>

37.    PG&E alleges that Plaintiff's complaint, to the extent that it seeks excessive civil penalties against this answering defendant, violates defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 17 of the Constitution of the State of California, and violates defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and Constitution of the State of California, and therefore fails to state a cause of action upon which such penalties can be awarded.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (All Other Affirmative Defenses)

38.     PG&E alleges all other affirmative defenses that may potentially become available as a result of information developed through discovery or trial.

WHEREFORE, this answering defendant prays that Plaintiff take nothing by reason of said complaint, that this answering defendant be dismissed with prejudice with costs of suit herein and awarded such other and further relief as this Court deems just, including attorneys' fees, and that if this answering defendant is found liable, that the degree of the responsibility and liability be determined and that this answering defendant be held responsible in proportion to its liability for the same.

### DEMAND FOR JURY TRIAL

PG&E hereby demands a trial by jury of the above-captioned matter.

DATED:  April 7, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
Scott D. Mroz
Matthew G. Dudley
Attorneys for Defendant
Defendant PACIFIC GAS AND ELECTRIC COMPANY