PACIFIC GAS AND ELECTRIC COMPANY
MARGARET A. PIETRASZ  Bar No. 124598
P.O. Box 7442
San Francisco, California 94120-7442
Telephone: (415) 973-1580
Facsimile: (415) 973-0516
E-mail: MAP@pge.com

**DIRECT CORRESPONDENCE TO:**
SEDGWICK, DETERT, MORAN & ARNOLD LLP
SCOTT D. MROZ  Bar No. 111848
MATTHEW G. DUDLEY  Bar No. 179022
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635
E-mail: scott.mroz@sdma.com
E-mail: matthew.dudley@sdma.com

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

LAW OFFICE OF JACK SILVER
JACK SILVER  Bar No. 160575
CLAIRE MOREL-SEYTOUX  Bar No. 171093
P.O. Box 5469
Santa Rosa, California 95402-5469
Telephone. (707) 528-8175
Facsimile. (707) 528-8675
E-mail: lhm28843@sbcglobal.net
E-mail: morel@stanfordalumni.org

Attorneys for Plaintiff
NORTHERN CALIFORNIA RIVER WATCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY; UPWAY PROPERTIES, LLC; THE 137 SANTA ROSA GROUP PARTNERSHIP; AND DOES 1-10, INCLUSIVE,<br><br>Defendants. | CASE NO. 08-CV-0779-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     May 7, 2008<br>Time:    1:30 p.m.<br>Judge:   Magistrate Judge Edward M. Chen<br>Location: Courtroom C, 15th Floor<br>              450 Golden Gate Ave.<br>              San Francisco, CA 94102 |

PACIFIC GAS AND ELECTRIC COMPANY ("PG&E") and NORTHERN CALIFORNIA RIVER WATCH ("Plaintiff"), in accordance with Civil Local Rule 16-9, submit this Joint Case Management Statement.

1. <u>Jurisdiction and Service</u>

Plaintiff claims that subject matter jurisdiction is conferred upon this Court by Section 505(a)(1) of Clean Water Act (CWA) and by Section 7002(a)(1) the Resource Conservation and Recovery Act (RCRA). Defendant denies that there are current violations of either the CWA or RCRA, but does not dispute that this Court has jurisdiction of CWA and RCRA claims for relief.

2. <u>Facts</u>

Plaintiff alleges violations of the CWA and of RCRA by defendants PG&E, Upway Properties LLC (Upway) and 137 Santa Rosa Group Partnership (137 SR Group) (collectively "Defendants") related to or arising out of Defendants' alleged "ownership and/or operation" of the "former gas manufacturing Site" (Site) located at First and B Streets in Santa Rosa, California (since filing the complaint, Plaintiff has filed a Notice of Voluntary Dismissal of Defendant 137 SR Group without prejudice). Plaintiff alleges standing under the citizens' suit enforcement provisions of the CWA and RCRA to obtain (a) civil penalties and (b) the issuance of equitable relief for alleged violations of the CWA and of RCRA. Specifically, plaintiff claims that the Site "discharges pollutants which have migrated through soil and groundwater to Santa Rosa Creek, a tributary to the Laguna de Santa Rosa and Russian River."

Defendant PG&E filed an Answer to the Complaint on April 8, 2008.

The California Regional Water Quality Control Board, North Coast Region (RWQCB), has previously issued Cleanup and Abatement Orders to the Defendants, with the most recent being number CAO R1-2006-0033 in March 2006. Paragraph 32 of the March 2006 CAO alleges that Defendants "have caused or permitted, cause or permit, or threaten to cause or permit waste to be discharged or deposited where it is, or probably will be, discharged into the waters of the state and creates, or threatens to create, a condition of pollution or nuisance. Continuing discharges are in violation of the Porter-Cologne Water Quality Control Act and provisions of the Water Quality Control Plan for the North Coast Region (Basin Plan)."

The current CAO has required ongoing investigation and remediation of the Site under the supervision of the RWQCB. In November of 2007, the RWQCB approved a proposed schedule for the Site going forward, which included: the completion of various investigations related to remaining source areas (October 2007 to March 2008); conducting a mitigation measure treatability testing, evaluation and feasibility analysis (February 2008 to June 2008); meeting with RWQCB to discuss results and cleanup strategy (June 2008); and preparation of a Remedial Action Plan (RAP) (July 2008 to October 2008). The RAP is due by October 31, 2008.

The CAOs have stated that Santa Rosa Gas Light Company erected a coal gas manufacturing (MGP) plant at the Site in 1876, converted the plant to an oil MGP around the turn of the century, and that PG&E operated an MGP until 1924. The CAO notes that in November of 1987 PG&E sold the Site, consisting of Assessor's Parcel numbers (APN) 10-068-17 and 10-068-20, to the 137 SR Group. The CAO notes that APN 10-068-17 was later converted into two assessors parcels, APN 10-068-21 and APN 10-068-22; in May of 1997, 137 SR Group sold APN 10-068-21 to defendant Upway. The current owners of the former PG&E site are defendant Upway and the 137 SR Group. As part of the sale to the 137 SR Group in 1987, that partnership was required to complete remediation of contamination of the Site and provide PG&E with environmental indemnity. 137 SR Group has not complied with its contractual obligations to PG&E. PG&E and Upway are currently negotiating an agreement that may contain an indemnity that will require PG&E to provide limited indemnity to Upway related to the Site.

PG&E has been engaged in remediation of the former PG&E Site since approximately 1989, most recently under the requirements of the 2006 CAO issued by the RWQCB. PG&E has been working closely with Joan Fleck of the RWQCB to investigate and remediate the Site, and is currently involved in the completion of a work plan that will facilitate further remediation of the Site.

/ / / /

/ / / /

3. <u>Legal Issues</u>

    a. <u>Whether Plaintiff's claims meet the statutory requirements of the CWA</u>.

Plaintiff's First Claim for Relief alleges that Defendants are discharging pollutants to waters of the United States without a National Pollution Discharge Elimination System (NPDES) permit. Plaintiff contends there is an ongoing discharge from a point source to a water of the U.S. The CWA prohibits the discharge of any pollutant from a point source unless authorized by a permit issued under the National Pollution Discharge Elimination System. 33 U.S.C. § 1311(a), 1342. A "discharge of pollutant" is defined as "any addition of a pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

PG&E contends that the Site has undergone substantial remediation, that as a result the Site is not discharging any pollutant to any navigable waters and that plaintiff will not be able to prevail on this claim. Further, to the extent that plaintiff claims past violations, PG&E contends that the CWA does not authorize citizens' suits for wholly past and nonrecurring violations.

    b. <u>Whether current Site conditions constitute Violation of a Permit, Standard or Regulation pursuant to RCRA.</u>

Plaintiff's Second Claim for Relief alleges that Defendants' storage and disposal of RCRA hazardous wastes has caused the discharge of hazardous wastes to soil and groundwater in violation of permits, standards or regulations regarding same. Plaintiff contends that defendants do not have any permit for either the storage or disposal of hazardous waste that covers this site. PG&E denies that it is in violation of any such permit, standard, regulation or other prohibition under RCRA Section 7002(a)(1)(A) or otherwise.

    c. <u>Whether current Site conditions constitute an Imminent and Substantial Endangerment pursuant to RCRA.</u>

Plaintiff's Third Claim for Relief alleges that current Site conditions attributable to PG&E constitute an imminent and substantial endangerment to human health or the environment, in violation of RCRA.

PG&E contends that plaintiff will not be able to meet this requirement, as current Site conditions do not pose the threat alleged. PG&E will argue that there is no evidence of:

1  migration of contaminants from the Site to the Santa Rosa Creek; migration pathways; or of an
2  ongoing release.
3      d.    <u>Plaintiff's Standing to bring the claims alleged under RCRA and the CWA</u>.
4      Contingent upon initial disclosures and discovery, PG&E may contest whether plaintiff has
5  the requisite standing to bring the claims for relief alleged in this action.
6  4.    <u>Motions</u>
7      PG&E anticipates filing a motion for summary judgment per Fed. R. Civ. P. Rule 56 of
8  some or all of the Claims for Relief.
9      Plaintiff anticipates filing a partial motion for summary judgment as to liability.
10 5.    <u>Amendment of Pleadings</u>
11     PG&E does not currently anticipate amending its pleading.
12     Plaintiff anticipates amending its complaint after initial discovery in order to update the
13 pleadings and incorporate any additional notices filed.
14 6.    <u>Evidence Preservation</u>
15     No evidence preservation issues are anticipated.
16 7.    <u>Disclosures</u>
17     The parties will comply with the initial disclosure requirements of Fed. R. Civ. P. Rule
18 26(f).
19 8.    <u>Discovery Plan</u>
20     a.    There has been no discovery to date. By the time of filing of this statement, each
21 side should have simultaneously exchanged the information required by Fed. R. Civ. P. Rule
22 26(f). The parties have agreed to comply with the timing, form and other requirements of Rule
23 26(a).
24     b.    Discovery will be needed on the following subjects: (1) the alleged contaminant
25 pathways between the Site and the receptors (Santa Rosa Creek, etc.) that form the basis of
26 plaintiff's CWA and RCRA claims; (2) plaintiff's standing under the CWA and RCRA; (3) the
27 regulatory oversight of the Site investigation and remediation; (4) PG&E's due diligence in
28 complying with the CAO; (5) compliance with the CAO by the Site owners. The parties do not

1  believe that it is necessary for discovery to be conducted in phases, except that the discovery of
2  the existence or lack thereof of contaminant pathways through the deposition of plaintiff's
3  person(s) most knowledgeable (PMK) under Fed. R. Civ. P. Rule 30 (b)(6) could resolve the
4  matter early on.

5      This is a Clean Water Act and RCRA case concerning underground migration of
6  pollutants. Plaintiff contends that: a portion of Plaintiff's case depends upon collecting evidence
7  from Defendants' property during storm events; certain samples can only be taken after the
8  ground has become saturated by rain water and experiences runoff during minor storm events; as
9  the subject property borders a stream bed, samples during peak flow periods are also required; a
10 review of weather patterns during the past five years reveals that highest flows have occurred
11 between early January and late February; and, therefore, non-expert discovery must remain open
12 through February, 2009.

13     c.    The parties do not believe that there will be issues about disclosure or discovery of
14 electronically stored information.

15     d.    The parties may discuss claims of privilege related to early discovery of experts
16 related to the imminent and substantial endangerment issues.

17     e.    The parties intend to proceed in accordance with the limitations on discovery
18 imposed under the Fed. R. Civ. P.

19     f.    The parties believe that the following schedule is realistic for completion of
20 discovery:

21         1.    Discovery cut-off (except expert discovery): February 27, 2009;
22         2.    Last day to file motion to compel: February 27, 2009;
23         3.    Expert disclosure and report: March 27, 2009;
24         4.    Last day to complete expert discovery: June 27, 2009.

25 9.    <u>Class Actions</u>
26     This is not a class action.

27 10.    <u>Related Cases</u>
28     None known.

11. <u>Relief Sought</u>

Plaintiff claims request injunctive relief and civil penalties under the CWA and RCRA.

12  <u>Settlement and ADR</u>

The parties have requested an ENE.

13. <u>Consent To Magistrate</u>

Both parties consent to a magistrate.

14. <u>Other References</u>

Unknown.

15. <u>Narrowing of Issues</u>

None known at present time.

16. <u>Expedited Schedule</u>

It is possible that this case could be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>

    a.    Experts: no later than 90 days before trial, per Fed. R. Civ. P. Rule 26 (a)(2).

    b.    Discovery Cut-off: *see* section 8 f, above.

    c.    Dispositive Motions: PG&E would expect to be able to file its dispositive motions within 90 days of completion of the PMK depositions discussed herein.

    d.    Pre-trial Motions: per Fed. R. Civ. P.

    e.    Trial: September 2009.

18. <u>Trial</u>

PG&E has requested a jury pursuant to *Tull v. United States*, 481 U.S. 412 (1987).

19. <u>Disclosure Of Non-Party Interested Entities Or Persons</u>

Both parties have filed the required Certification of Interested Entities or Persons required by Civil Local Rule 3-16. Plaintiff has certified that there are no other interested persons or entities. PG&E has stated certified that the following listed persons, association of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-

1 financial interest in that subject matter or in a party that could be substantially affected by the
2 outcome of this proceeding: (1) Pacific Gas and Electric Company, served defendant herein; and
3 (2) PG&E Corporation, parent of Pacific Gas and Electric Company.

5 DATED: April 30, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP

By:   /s/ Scott D. Mroz
    Scott D. Mroz
    Attorneys for Defendant Pacific Gas & Electric
    Company

11 DATED: April 30, 2008          Law Office of Jack Silver

By:   /s/ Claire Morel-Seytoux
    Claire Morel-Seytoux
    Attorney for Plaintiffs